# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

GUADALUPE BETANCOURT,             )
                                  )
            Plaintiff,            )
                                  )
     v.                           )    No. 10-3364-CV-S-MJW
                                  )
2 COMBS ENTERPRISES, INC.,        )
a Missouri Corporation,           )
                                  )
            Defendant.            )

## ORDER

On November 17, 2010, defendant 2 Combs Enterprises, Inc., filed a motion to dismiss the complaint filed by plaintiff Guadalupe Betancourt. In response, plaintiff filed a motion for leave to file an amended complaint, with her First Amended Complaint attached. On December 7, 2010, defendant filed a motion to dismiss plaintiff's First Amended Complaint.

Upon consideration, plaintiff's motion for leave to file her First Amended Complaint is granted. Defendant's motion to dismiss plaintiff's original complaint is, therefore, moot. Defendant's motion to dismiss plaintiff's First Amended Complaint is fully submitted.

Defendant's motion to dismiss argues that plaintiff's complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because plaintiff does not have standing to bring this action, and under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. Plaintiff argues that she does, in fact, have the necessary legal standing to bring this action and that her complaint states a claim on which relief may be granted.

Plaintiff's First Amended Complaint alleges that defendant's property, La Quinta Inn Springfield East (hereinafter "the Inn"), located in Springfield, Missouri, violated her rights under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. Plaintiff alleges that she has Cerebal Palsy and requires use of a wheelchair for mobility. Plaintiff states she stayed as a guest at the Inn on June 18, 2010, and she encountered architectural barriers at the property that endangered her safety. Plaintiff's complaint sets forth 23 specific ADA violations,

and asserts that this list is not exclusive of the defendant's violations. Plaintiff alleges that defendant's ADA violations at the Inn have denied her access to, and have denied the benefits of services, programs, and activities of the building and its facilities and otherwise discriminated against and damaged her. Plaintiff alleges that she and others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, which her complaint seeks.

## I. Standing

Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA provides a private right of action for injunctive relief to, inter alia, "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1). Federal jurisdiction is specifically limited by Article III, section 2, of the United States Constitution to actual cases in controversy. Therefore, a plaintiff's standing to sue is always a threshold question in every federal case in determining the power of the court to entertain the suit. Warth v. Seldin, 422 U.S. 490, 498 (1975). To show Article III standing, a plaintiff has the burden of proving (1) that she suffered an "injury in fact"; (2) a casual relationship between the injury and the challenged conduct; and (3) that the injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here the issue is element one.

To show an injury in fact, the Eighth Circuit states that the plaintiff must allege a "concrete and particularized" and "actual or imminent harm" and not one that is merely "conjectural or hypothetical." Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000). Specifically, as applied to standing to seek injunctive relief under Title III in this case, it means that plaintiff must have a concrete, particularized and credible plan to return to this La Quinta Inn for use of the accommodations. See id. "Although plaintiff[s] need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying, [she] must at least prove knowledge of the barriers and that [she] would visit the building in the imminent future but for those barriers." Id. (citing Friends of the Earth, Inc. v.

Laidlaw Environmental Services, Inc., 528 U.S. 167, ___, 120 S.Ct. 693, 704-06 (2000)).  A mere intent to return to this La Quinta Inn "some day" is insufficient.  Id. at 893.

Here, plaintiff alleges she was a guest at La Quinta Inn on June 18, 2010, when she became aware of the ADA violations, and states she intends to return to the property again in April of 2011.  Plaintiff alleges that although she is a resident of the State of Kansas, she has family and friends in the Springfield, Missouri, area and visits twice yearly.  Plaintiff alleges that she has a return trip scheduled to this La Quinta Inn for April 27, 2011, and she has submitted a reservation confirmation number in support.  In applying the law of the Eighth Circuit, as set forth above, plaintiff's allegations are sufficient to show a credible, particularized and concrete intention to return to the Inn.

Moreover, even the factors cited by defendant, and used by some courts, to determine the likelihood of a plaintiff's return to a defendant's business for purposes of determining whether plaintiff suffered an injury in fact, support sufficiency of plaintiff's claims.  These factors are: (1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business; (3) the definitiveness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near defendant.  Here, plaintiff alleges that although she doesn't live near this Inn, that is precisely why she uses the accommodations of the hotel when she travels to Springfield twice yearly to visit family and friends.  See Access 4 All, Inc. v. Wintergreen Comm'r P'shp, LTD, 2005 WL 2989307 *3 (N.D. TX. 2005).  Further, plaintiff has definite plans to return to the hotel on April 27, 2011, and has provided a reservation confirmation number in support.  As to the issue of no alleged past patronage at the La Quinta Inn by plaintiff prior to June 18, 2010, this court notes that the four factors are to be used in their totality and this factor alone is not determinative.  The other three factors support plaintiff's likelihood of return to defendant's business.  The facts as alleged by plaintiff are sufficient to show she has suffered an injury in fact and has standing to bring her claims.

This standing, however, does not extend to violations at the La Quinta Inn that affect persons with disabilities which are beyond or different from plaintiff's disability.  Stegar at 893.  To extend standing beyond the limits of plaintiff's disability would provide for relief beyond the injury in fact suffered by plaintiff, and unlawfully expand standing beyond the limits of Article

3

III. Id.  This does not mean that plaintiff is merely limited to the ADA violations that she personally encountered at the La Quinta Inn; plaintiff does have standing to challenge other building violations that could injure persons who suffer a disability like that of plaintiff, which requires use of a wheelchair.  Id.

    Defendant's assertion that the standing determination in this case should be made with consideration of plaintiff's status as a person with multiple similar ADA cases pending in this and other courts, and a person who appears to be acting as a private professional litigator of ADA claims for personal and financial gain is noted.  However, this does not change the court's application of the law to plaintiff's claims as set forth by the Eighth Circuit.  Here, plaintiff is not merely asserting that she desires to visit the Inn to ensure ADA compliance, like a tester or investigator; she alleges that she visited the Inn for purposes of visiting her family and friends in Springfield and intends to return to the Inn for purposes of visiting family and friends who live in the Springfield area where the Inn is located.  Cf. Kramer v. Midacamo, 656 F. Supp. 2d 740, 747 (N.D. Ohio 2009) (plaintiff who was a "tester" lacked standing where evidence showed plaintiff had not actually visited the locations alleged to be in violation of the ADA and only planned to return for purposes of checking ADA compliance).

    Based on the foregoing, this court finds that at this stage in the proceedings, plaintiff has made sufficient allegations to support standing to bring her ADA claims.

## II.  Failure to Plead

Defendant argues that plaintiff's complaint should be dismissed under Rule 12(b)(6) because she fails to state a claim on which relief may be granted.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level. . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

4

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 570).

Here, defendant argues that plaintiff has not plead her complaint with sufficient specificity to state a claim under the ADA. Defendant argues that plaintiff's allegations fail to plead how she was denied full and equal treatment or the existence of a real threat of injury.

A review of plaintiff's First Amended Complaint shows that plaintiff pleads she is disabled and that at the Inn, she encountered architectural barriers which posed a risk to her safety, in violation of the ADA. Plaintiff specifically names 23 architectural barriers she encountered but alleges this is not an exclusive list. These allegations are sufficient under the standard set forth in Twombly.

Defendant also argues that plaintiff should be limited to the claims she makes in her complaint and cannot seek relief beyond the ADA violations that are specific to her disability. Plaintiff argues that she is entitled to pursue remedies for all barriers at the Inn related to her specific disability, including those not specifically listed.

Upon review, it appears, despite the argument of plaintiff's brief, plaintiff's First Amended Complaint does not limit her pursuit of relief to the barriers specific to her disability. Plaintiff's First Amended Complaint seeks relief as to "all of the areas of non-compliance with the Americans with Disabilities Act." As set forth above in the discussion of standing, plaintiff cannot bring claims or seek relief for ADA violations at the Inn not related to her specific disability. However, this does not limit plaintiff to those individual violations specifically set forth in her complaint. Plaintiff may seek relief for any building violations that could injure persons who suffer a disability like that of plaintiff, which requires use of a wheelchair. Claims beyond plaintiff's specific disability fail to state a claim on which relief may be granted.

It is, therefore,

ORDERED that plaintiff's motion for leave to file a First Amended Complaint is granted. [6] It is further

ORDERED that defendant's December 7, 2010 motion to dismiss is granted, in part, and denied, in part, and plaintiff's claims seeking relief for all ADA violations, beyond those related

to her specific disability, are dismissed, pursuant to Rule 12(b)(6), for failure to state a claim on which relief may be granted, and all further bases for dismissal are denied. [8]  It is further

ORDERED that defendant's motion to dismiss plaintiff's original complaint is moot. [5]

Dated this 7th day of March, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge